[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Diane Audia (also known as Diane Kinosh) brings this action against defendants Stephen Chevrolet — Oldsmobile, Inc. (f/k/a Stephen Chevrolet, Inc.) and Center Subaru, Inc. for wrongful termination of her employment. On October 30, 1989 plaintiff was hired by Phil Porter, sales manager of Center Subaru, to work as a salesperson at Center Subaru's showroom. According to the fourth amended complaint she was instructed that she would begin as a probationary employee for 60 days with the requirement that she sell 30 automobiles within that time. Seventeen days after she was hired, she was informed that she was terminated because she "did not fit in." In the first count of the complaint she claims that her being terminated constituted unlawful termination based on her sex, in violation of 42 U.S.C. § 2000e et. seq. In the second count she claims that the conduct of defendants constituted extreme and outrageous conduct which they knew or should have known would cause emotional distress.
The defendants have filed several special defenses. With respect to Center Subaru, they allege that the plaintiff failed to file a complaint against Center Subaru and thus failed to exhaust her administrative remedies with either the Connecticut Commission on Human Rights and Opportunities Commission (EEOC) and also, that Center Subaru did not employ more than fifteen (15) employees during the relevant time period. (First Special Defence). With respect to Stephen Chevrolet, the defendants allege that the Court lacks jurisdiction because the plaintiff was not an employee of Stephen Chevrolet within the meaning of Title VII. (Second Special Defense). Further, the defendants allege that they had a nondiscriminatory reason for terminating the plaintiff from employment because she was unable to control her temper, failed to close and deliver vehicles on a high proportion of the deals for which contracts had been signed, and behaved in a manner that was inconsistent with the "kind of highly motivated salesperson which her employer wanted for its organization." (Third Special Defense). The Fourth and Fifth Special Defenses allege that any award for damages should be limited to back pay and that Title VII Preempts any common law CT Page 10526 claim. And finally, the Sixth Special Defense alleges that any claim for unintentional infliction of emotional distress is barred by the Worker's Compensation Act, Connecticut General Statute Section 31-284.
The court finds that it does have jurisdiction to hear this case. The plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities CHRO against Stephen Chevrolet, Inc; d/b/a Center Subaru with the address 516 Winsted Road, Torrington, Connecticut. That complaint was forwarded to the United States EEOC and plaintiff received from EEOC a Notice of Right to Sue. The court also finds that the plaintiff was entitled to rely on the fact that she was an employee of Center Subaru and/or Stephen Chevrolet. She worked at Center Subaru's showroom but her pay checks came from Stephen Chevrolet. Clearly, Stephen Chevrolet and Center Subaru were related entities during the relevant time period (exhs. 19, 20, 26, 10, 12, 22). Thus it would appear that there were more than 15 employees in the two related entities.
The court finds, however, that the defendants should prevail on their Third special defense in that the plaintiff's employer had legitimate nondiscriminatory reasons for terminating the plaintiff's employment.
After hearing all the evidence, the court finds that the plaintiff has failed to show that she was fired merely because she was a woman. She was fired primarily because she used foul language in front of customers on several occasions; failed to control her temper while on the job; and failed on a number of occasions to adhere to business policies which were in effect at the dealership.
Accordingly, judgment may enter for the defendants.
Allen, State Trial Referee